IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ZAYNE ABDULLAH, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:22-cv-01364-SAG |
| BALTIMORE POLICE DEPARTMENT, *et al.* | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

# MEMORANDUM OF LAW IN SUPPORT OF SGT. WELTON SIMPSON, JR.'S PARTIAL MOTION TO DISMISS

## I.   INTRODUCTION

This lawsuit arises from an incident that occurred on January 17, 2020 outside the "Live from the 'A' Store" ("the Store"), located at 1527 Pennsylvania Avenue, Baltimore, Maryland 21217.  More specifically, Plaintiff Zayne Abdullah ("Abdullah"), claims he was arrested on that on that date following a physical altercation with Sgt. Simpson, a member of the Baltimore Police Department ("BPD").  Abdullah further alleges that his arrest and the subsequent criminal charges brought against him were unlawful because they were based upon false statements made by Sgt. Simpson.  Plaintiff Donnell Burgess ("Burgess") also was involved in that physical altercation.  He claims that a warrant for his arrest was issued based upon false statements by Sgt. Simpson and that, as a result, he was arrested on January 19, 2020, by a member of the BPD (but not Sgt. Simpson).

Criminal charges were also filed against Burgess.  Plaintiffs were incarcerated for a number of months.  On July 20, 2020, the State's Attorney's Office entered a *nolle prosequi* as to all charges against Plaintiffs.  In addition, on July 17, 2020, a Baltimore City Grand Jury returned a two-count indictment against Sgt. Simpson regarding the January 17, 2020 incident.  Sgt. Simpson was subsequently found guilty of making a false statement to a law enforcement officer and misconduct in office.  This lawsuit followed.

Plaintiffs Complaint names the BPD and five of its current members, including Sgt. Simpson.  As against Sgt. Simpson, Plaintiffs' Complaint alleges the following six claims: a claim under 42 U.S.C. § 1983 ("§ 1983") alleging excessive force and improper use of police powers in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution (Count III), a claim under § 1983 for false arrest and false imprisonment (Count IV), a §1983 malicious prosecution claim (Count V), claims for deprivation of liberty and property, excessive force, improper use of police powers, and illegal arrest in violation of Article 24 of Maryland's Declaration of Rights (Count VI), a common law battery claim filed only on behalf of Abdullah (Count VII), and a common law claim for gross negligence (Count VIII).[1]

Sgt. Simpson moves to dismiss certain aspects of Counts III and VI.  Count III improperly alleges a claim under § 1983 for excessive force/improper use of police

---

[1]   Counts I and II purport to state *Monell* claims against BPD.  Count IX alleges negligent hiring, training, supervision, and retention against BPD.  Count X, misnumbered as Count XI, alleges a claim for indemnification against BPD.

powers in violation of Plaintiffs' Fourth and Fourteenth Amendment rights. That claim should be dismissed to the extent that it invokes and relies on the Fourteenth Amendment. Plaintiffs' claims arise, if at all, under the Fourth Amendment.

Count III also alleges an excessive force claim on behalf of Burgess. That claim should be dismissed because there is no allegation that Sgt. Simpson used any force whatsoever against Burgess. Similarly, Burgess' excessive force claim, alleged in Count VI, should be dismissed for the same reason.

Finally, Burgess' illegal arrest claim in Count VI should be dismissed because Sgt. Simpson did not physically arrest Burgess. Consequently, under Maryland law, Sgt. Simpson cannot be liable for illegal arrest in violation of Article 24 of the Maryland Declaration of Rights.

## II.   FACTS ALLEGED IN PLAINTIFFS' COMPLAINT[2]

On January 17, 2020, after 10:00 p.m., Abdullah and Burgess were outside of the Store. *See* Compl. ("ECF 1") ¶ 50. Sgt. Simpson arrived at the Store in a marked BPD vehicle. *Id.* ¶ 51. Sgt. Simpson got out of his vehicle and walked to the Store's entrance. *Id.* ¶ 53. Abdullah was standing in front of the Store's entrance as Sgt. Simpson approached. *Id.* ¶ 54. Abdullah alleges that "there was enough space between [Abdullah's] left side and the door for a person to walk past him into the [S]tore without making physical contact." *Id.* As Sgt. Simpson attempted to enter the Store, he moved to

---

[2]   As required by Fed. R. Civ. P. 12(b)(6), Sgt. Simpson accepts the allegations in Plaintiffs' Complaint as true for purposes of this Motion only.

his right to get around Abdullah.  *Id.* ¶ 56.  As Sgt Simpson got closer to Abdullah, he told Abdullah to "move out the f****** way."  *See id.* ¶ 57.  Sgt. Simpson's left shoulder then bumped into Abdullah's.  *Id.* ¶ 58.  Abdullah claims that Sgt. Simpson bumped him intentionally.  *Id.*

After Sgt. Simpson and Abdullah bumped into one another, Abdullah exclaimed "I'm walking out the store, say excuse me, f*** you talking about, bump me?"  Compl. ¶ 59.  Burgess and others saw the interaction between Sgt. Simpson and Abdullah and began speaking to Sgt. Simpson.  At some point, Sgt. Simpson responded to them, "when you ready."  *Id.* ¶ 60.  Abdullah then said to Sgt. Simpson, "the next time I'ma hit your bitch ass in your mouth.  F*** is your problem?  Bump all on me like that?  Bitch ass."  *Id.* ¶ 61.  Sgt. Simpson responded, "go ahead, I got enough for everybody."  *Id.* ¶ 62.  Abdullah said, "it's called excuse me, I don't give a f***."  *Id.* ¶ 63.

Abdullah alleges that Sgt. Simpson then stated, "get the f*** out my face!" and pushed Abdullah's left shoulder.  *See* Compl. ¶ 64.  Abdullah pushed back, allegedly in self-defense.  *Id.* ¶ 65.  That push knocked Sgt. Simpson's body-worn camera ("BWC") to the ground.

Up to that point, Sgt. Simpson's encounter with Plaintiffs had been captured on his BWC.  His BWC did not capture additional footage after hitting the ground.  Sgt. Simpson and Abdullah then physically struggled as Sgt. Simpson attempted to take Abdullah into custody.  Compl. ¶ 65.  Burgess physically intervened during the struggle to stop Sgt. Simpson but was unsuccessful.  *Id.* ¶ 66.  Sgt. Simpson ultimately restrained

Abdullah on the ground. *Id.* ¶ 67.  Bystanders using cell phone cameras recorded parts of Sgt. Simpson's struggle with Abdullah.  Some of that footage was released on social media in the immediate aftermath of Plaintiffs' encounter with Sgt. Simpson.

Abdullah claims that Sgt. Simpson made false statements to his fellow officers when they arrived on scene.  Specifically, Abdullah claims Sgt. Simpson inaccurately stated that "1) he went into the [S]tore to attempt to clear people out … 2) that [Abdullah] would not move out of his way and was blocking the doorway as he attempted to enter, 3) that he pushed past [Abdullah] to get into the door, 4) that [Abdullah] then turned and intentionally spit in his face and pushed him, and 5) that a struggle ensued resulting in [Abdullah's] detention." Compl. ¶ 68.

Abdullah was arrested on-scene by a different BPD officer and transported to Baltimore City Central Booking and Intake Facility.  He was charged with second-degree assault, assault on a law enforcement officer, resisting arrest, and disorderly conduct. *See* Compl. ¶ 69.  Defendant Detective Jessica Scott then issued an arrest warrant for Burgess as well as a "Wanted" poster that stated that Burgess was involved with an assault on police. *Id.* ¶ 70.  Burgess was arrested January 19, 2020, and charged with second-degree assault on a law enforcement officer and resisting arrest. *Id.* ¶ 71.  Burgess and Abdullah allege they were arrested as the result of Sgt. Simpson's alleged false statements. *Id.* ¶¶ 69-70.

BPD performed a use of force investigation regarding Sgt. Simpson's arrest of Abdullah. *See* Compl. ¶ 81.  That investigation was independent from the criminal

5

charges that were filed and pursued against Plaintiffs. Plaintiffs allege Sgt. Simpson authored a use of force report stating that Abdullah did not intentionally spit upon him but, rather, spewed spittle at him. *Id.* ¶ 80. On January 31, 2020, the investigating officer, Defendant Sgt. Tom Davis, concluded that Sgt. Simpson's actions were reasonable. *Id.* ¶ 82.

In July of 2020, Plaintiffs' criminal defense attorneys publicly released Sgt. Simpson's BWC footage and demanded that the Baltimore City State's Attorney's Office dismiss the charges against them. *See* Compl. ¶ 89. On July 20, 2020, the State's Attorney's Office entered a *nolle prosequi* as to the charges against Plaintiffs. *Id.* ¶ 91.

Three days before the State's Attorney dismissed the charges against Plaintiffs, a Grand Jury returned an indictment against Sgt. Simpson, charging him with one count of making a false statement to a law enforcement officer and one count of misconduct in office. On September 13, 2021, following a bench trial, Sgt. Simpson was found guilty on both counts. *See* Compl. ¶¶ 92-93. On June 6, 2022, Plaintiffs filed their Complaint. *See* ECF 1.

### III.    LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court "will construe factual allegations in the non-moving party's favor and will treat them as true, but the court is not bound by the complaint's legal conclusions." *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (citing *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991)).

6

To survive the motion, "the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). "[T]he court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, [*Ashcroft v.*] *Iqbal*, 556 U.S. [662,] 678 [(2009)]." *Hart v. Shearin*, No. CV GLR-15-2056, 2016 WL 3459846, at *3 (D. Md. June 24, 2016).

IV. **ARGUMENT**

    A. **Plaintiffs' Fourteenth Amendment Claims and Burgess' Excessive Force Claims under Count III should be Dismissed with Prejudice and Without Leave to Amend.**

Count III alleges under § 1983 claims for excessive force and improper use of police powers in violation of the Fourth and Fourteenth Amendments to the United States Constitution. *See* Compl. ¶¶ 132-141. Specifically, under Count III, Plaintiffs allege:

> The actions of Defendant Simpson as detailed herein constitutes excessive and unlawful force in gross violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and the guarantees set forth in 42 U.S.C. § 1983. Defendant Simpson's actions, include, but are not limited to, assaulting Zayne, tackling him to the ground, restraining him on the ground, arresting him without probable cause, and submitting false statements against Zayne and Donnell to other law enforcement officers, causing their prolonged wrongful incarceration.

Compl. ¶¶ 137-38.

Plaintiffs' Fourteenth Amendment claims should be dismissed because their claims arise, if at all, under the Fourth Amendment.  A claim for excessive force in the context of an arrest falls specifically under the Fourth Amendment, not the Fourteenth Amendment.  *See Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003) (citation omitted) ("The Fourth Amendment ... bars police officers from using excessive force[.]").  Similarly, the rights to be free from unlawful arrest, unlawful searches, and unlawful seizure are Fourth Amendment, not Fourteenth Amendment, rights.  *Lytes v. Smith*, 11 F. Supp. 3d 527, 539 (D.S.C. 2014), *aff'd*, 585 Fed. Appx. 51 (4th Cir. 2014) ("Because Plaintiff asserts wrongful arrest, the Fourth Amendment, not the Fourteenth Amendment, is the relevant constitutional provision."); *Schloss v. Lewis*, No. JFM-15-1938, 2016 WL 1451246, at *9 (D. Md. Apr. 12, 2016), *aff'd sub nom. Schloss v. Abey*, 691 Fed. Appx. 710 (4th Cir. 2017) (dismissing plaintiff's substantive due process claim because the Fourth Amendment specifically protects against unlawful searches and seizures).  Where, as here, "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, should be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (internal quotation marks omitted).  Because Plaintiffs' claims specifically implicate Fourth Amendment rights, the Fourth Amendment, not the Fourteenth Amendment, explicitly governs Plaintiffs' claims under Count III.  The claim in Count III under the Fourteenth Amendment should be dismissed.

In Count III, Burgess also alleges excessive force. *See* Compl. ¶ 137 ("The actions of Defendant Simpson as detailed herein constitutes excessive and unlawful force in gross violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and the guarantees set forth in 42 U.S.C. § 1983."). Yet, Plaintiffs' Complaint does not allege that Sgt. Simpson used *any* force against Burgess, let alone excessive force. Rather, the Complaint alleges that "[d]uring the struggle, Donnell attempted to physically intervene to stop Simpson from unlawfully assaulting and detaining Zayne, but was unsuccessful." Compl. ¶ 66. The Complaint does not allege any other physical interaction between Burgess and Sgt. Simpson, and certainly none initiated against Burgess by Sgt. Simpson. For that reason, Burgess' claim for excessive force should be dismissed.

### B. Burgess' Claims under Count VI for Excessive Force and Illegal Arrest Should be Dismissed with Prejudice and Without Leave to Amend.

Count VI alleges deprivation of liberty and property, excessive force, improper use of police powers, and illegal arrest in violation of Article 24 of Maryland's Declaration of Rights. *See* Compl. ¶¶ 168-186.[3] Count VI alleges "Defendants falsely

---

[3] Article 24 of the Declaration of Rights provides "[t]hat no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land." Article 24 is considered "the equivalent of the due process guarantees in the Fifth and Fourteenth Amendments to the United States Constitution." *Davis v. DiPino*, 708 A.2d 357, 367 (Md. Ct. Spec. App. 1998) rev'd in part on other grounds, *DiPino v. Davis*, 729 A.2d 354 (Md. 1999) (citing *Horace Mann League v. Bd. of Pub. Works*, 220 A.2d 51 (Md. 1966)).

arrested Plaintiffs when, without reasonable suspicion or probable cause to believe they had committed any criminal offenses, detained, handcuffed, arrested, and used excessive force.  Defendants engaged in intentional acts of misconduct, including illegal detention and arrest, excessive force, and false imprisonment, which violated Plaintiffs' civil rights and due process."  *See* Compl. ¶¶ 174-75.

As discussed above in Sec. IV. A, any claim for excessive force by Burgess against Sgt. Simpson should be dismissed because Plaintiffs' Complaint does not allege that Sgt. Simpson used any force against Burgess.

Burgess' claim for illegal arrest also should be dismissed.  Burgess alleges that "As a result of [Sgt.] Simpson's false statements, an arrest warrant was issued for [Burgess'] arrest by Defendant Jessica Scott, along with a BPD 'Wanted' poster."  Compl. ¶ 70.  The Complaint further alleges that "[Burgess] was arrested on January 19, 2020 and charged with 2nd Degree Assault on a Law Enforcement Officer and Resisting Arrest for his alleged involvement in this incident."  *Id.* ¶ 71.

Although Burgess predicates his claim under Article 24, the claim is analytically identical to a common law false arrest or false imprisonment claim.  *See State v. Dett*, 891 A.2d 1113, 1119 (Md. 2006) (analyzing a claim under Article 24 based "on a deprivation of liberty without lawful justification" as a false imprisonment claim).  "The elements of false arrest and false imprisonment are identical.  Those elements are: 1) the deprivation of the liberty of another; 2) without consent; and 3) without legal justification."  *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000) (citing *Manikhi v. Mass*

*Transit Admin.*, 758 A.2d 95, 112 (Md. 2000); *Montgomery Ward v.* Wilson, 664 A.2d 916, 925-26 (Md. 1995)).

Burgess' illegal arrest claim should be dismissed because he was not physically arrested by Sgt. Simpson.  *Davis v. DiPino*, 708 A.2d 357 (Md. Ct. Spec. App. 1998) (*vacated in part on other grounds by DiPino v. Davis*, 729 A.2d 354 (Md. 1999)), is illustrative.  There, DiPino, a police officer, filed an application for statement of charges regarding Davis.  A warrant for Davis' arrest was issued, and Davis was subsequently arrested — not by DiPino — pursuant to that warrant.  *Id.* at 365-66.  Maryland's Court of Special Appeals affirmed the trial court's grant of judgment in DiPino's favor on claims for false arrest and false imprisonment because DiPino did not physically arrest Davis and, therefore, did not create a "'present restraint of [Davis'] liberty.'"  *Id.* at 383 (quoting *Prosser and Keeton on the Law of Torts* § 11, at 51 (5th ed. 1984)).  Here, similarly, Burgess does not allege that Sgt. Simpson created a present restraint of his liberty.  He alleges, instead, that Sgt. Simpson's statements caused his arrest by another police officer.  For that reason, any claim false arrest or false imprisonment claim should be dismissed.

## V.   CONCLUSION

For these reasons, Sgt. Simpson requests that this Court grant this Motion and dismiss with prejudice and without leave to amend Plaintiffs' claim for violation of the Fourteenth Amendment as alleged in Count III, Plaintiff Donnell Burgess' claim for

11

excessive force under Count III, and Plaintiff Donnell Burgess' claims for excessive force and illegal arrest under Count VI, with prejudice and without leave to amend.

Dated: October 18, 2022                  Respectfully submitted,

                                         _____/s/_____
                                         John A. Bourgeois (Bar No. 11834)
                                         Christopher C. Jeffries (Bar No. 28587)
                                         Kramon & Graham, P.A.
                                         One South Street, Suite 2600
                                         Baltimore, Maryland 21202
                                         Tel: (410) 752-6030
                                         Fax: (410) 539-1269
                                         jbourgeois@kg-law.com
                                         cjeffries@kg-law.com

                                         *Attorneys for Defendant*
                                         *Sgt. Welton Simpson, Jr.*